IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KELVIN A. CANADA, | ) |
| Plaintiff, | ) Case No. 7:15CV00324 |
| v. | ) **OPINION AND ORDER** |
| EARL BARKSDALE, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Kelvin A. Canada, Pro Se Plaintiff; Nancy Hull Davidson, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

Kelvin A. Canada, a prisoner proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983 against two defendants: Earl Barksdale, the Warden of the Red Onion State Prison ("ROSP"), and Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"). Canada believes the defendants violated his First and Fourteenth Amendment rights under the United States Constitution because VDOC Operating Procedures ("OP") 803.1 and 803.2 prohibited him from purchasing or possessing nude photos and magazines. Canada sues the defendants in their official capacities, seeking only injunctive relief to repeal the nudity prohibitions found in OP 803.1 and 803.2.

Canada was housed at ROSP and subject to OP 803.1 and 803.2 when he commenced this action. However, Canada was transferred out of ROSP and to a

facility in Rhode Island nearly nine months after the defendants filed a motion for summary judgment.

Canada's transfer out of the VDOC's custody raises the question of whether this action is moot. Canada may have already received the only relief sought — not to be prohibited from possessing nude photos and magazines by OP 803.1 and 803.2.

As a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there. *See, e.g.*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). "[I]t is not enough that a dispute was very much alive when [the] suit was filed," but the parties must continue to have a "particularized, concrete stake" in the outcome of the case through all stages of litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-79 (1990). "[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Federal courts are "not empowered to decide moot questions or abstract propositions," *California v. San Pablo & Tulare R.R.,*

- 2 -

149 U.S. 308, 314 (1893), because "[m]oot questions require no answer," *Mo., Kan., & Tex. Ry. Co. of Tex. v. Ferris*, 179 U.S. 602, 606 (1900).

The parties have not yet addressed mootness, but that threshold issue must be resolved before the merits of the claims. *See United States v. Juvenile Male*, 560 U.S. 558, 560 (2010) (per curiam) (recognizing the "threshold issue of mootness" prevents the Court from reviewing a case on the merits). Accordingly, the defendants' Motion for Summary Judgment (ECF No. 16), which addresses only the merits, is DENIED without prejudice. The defendants must file a new motion for summary judgment within twenty-one days addressing the merits <u>and</u> whether this action should be dismissed as moot. Canada will have twenty-one days thereafter to reply, and the defendants will have seven days to file a sur-reply.

It is so **ORDERED**.

ENTER: September 2, 2016

/s/ James P. Jones
United States District Judge

- 3 -

Case 7:15-cv-00324-JPJ-RSB   Document 24   Filed 09/02/16   Page 3 of 3   Pageid#: 131