## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

KELVIN A. CANADA,           )

          )

        Plaintiff,     )     Case No. 7:15CV00324

          )

v.               )     **OPINION**

          )

EARL BARKSDALE, ET AL.,     )     By:  James P. Jones

          )     United States District Judge

        Defendants.     )

*Kelvin A. Canada, Pro Se Plaintiff; Nancy Hull Davidson, Office of the Attorney General, Richmond, Virginia, for Defendants.*

The plaintiff, Kelvin A. Canada, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 seeking to invalidate a policy barring Virginia inmates from receiving or possessing nude photographs.  After review of the record, I conclude that the defendants' Motion for Summary Judgment must be granted.  Canada's claims are both moot and without merit.

Canada commenced this § 1983 action against two defendants, Earl Barksdale, the Warden of the Red Onion State Prison ("ROSP"), and Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"). Canada believes the defendants violated his First and Fourteenth Amendment rights under the United States Constitution because VDOC Operating Procedures ("OP") 803.1 and 803.2 prohibited him from purchasing or possessing nude photos

and magazines. Canada sues the defendants in their official capacities, seeking only injunctive relief to repeal the nudity prohibitions found in OP 803.1 and 803.2.

Court records and the VDOC inmate locator program indicate that Canada is serving life in prison, a sentence imposed by a Virginia court. Canada was housed at ROSP and subject to OP 803.1 and 803.2 when he commenced this action. Several months later, Canada was transferred out of ROSP to a prison in Rhode Island. His submissions indicate that he remains incarcerated in a Rhode Island prison facility to this day, pursuant to an agreement between Virginia and Rhode Island.

The defendants have filed a Motion for Summary Judgment, asserting that Canada's action should be dismissed as moot because he is no longer subject to the challenged policies. Canada has responded to the motion and admits that the VDOC ban of nude photographs does not apply to him in the Rhode Island prison system.

In most circumstances, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his conditions of confinement there. *See, e.g., Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (dismissing former inmate's constitutional challenge to prison

mail policy); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding prisoner transfer mooted requests for declaratory and injunctive relief).

> To be justiciable under Article III of the Constitution, the conflict between the litigants must present a "case or controversy" both at the time the lawsuit is filed *and* at the time it is decided. If intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented.

*Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983) (dismissing inmate's policy challenge case as moot after his release to writ of habeas corpus). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. . . . A case becomes moot *only* when it is impossible for a court to grant *any* effectual relief whatever to the prevailing party." *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 728 (4th Cir. 2017).[1]

Canada argues that this case is not moot because he believes that he will be transferred back to Virginia at some time in the future. He provides no evidence to support this speculative allegation. Canada also contends that in the event that he is returned to a VDOC facility, he should not be put to the financial burden of having to file another lawsuit to renew his challenge to the constitutionality of the VDOC nudity ban.

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this Opinion, unless otherwise noted.

I find no merit to Canada's arguments. Canada did not seek monetary damages in his Complaint and is no longer subject to the allegedly unconstitutional policy from which he sought injunctive relief. Moreover, he may litigate only his individual claim and cannot continue the challenge to VDOC policy on behalf of other inmates still incarcerated in VDOC prisons. *Ross*, 719 F.2d at 694. Thus, Canada now lacks the requisite interest in the outcome of this action and no longer presents the court with a "dispute[ ] [it is] capable of resolving," *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980), or any "injury to himself that is likely to be redressed by a favorable decision." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976).

Furthermore, this case also does not satisfy the exception to the general rule of mootness in cases that are "capable of repetition, yet evading review." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). "First, the challenged action — application of the regulation to prison inmates — does not avoid review because of durational limits, but rather can be adequately challenged by the regular process of individualized litigation." *Ross*, 719 F.2d at 694. Second, Canada fails to demonstrate a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur between himself and the defendants in the future. *Murphy*, 455 U.S. at 482; *see also Buie v. Jones*, 717 F.2d 925, 927 (4th Cir. 1983) (claim of "capable of repetition" was insufficient where no evidence that plaintiff

would again be subject to allegedly unconstitutional treatment); *Lyons v. Meese*, No. 88-7765, 1990 WL 101608, at *1 (4th Cir. June 22, 1990) (unpublished) (dismissing Virginia inmate's § 1983 case as moot based on transfer to prison in another state for court proceedings there).

For the stated reasons, I conclude that Canada's case has been rendered moot by his transfer from the Virginia prison system. On that ground, I will grant the defendants' Motion for Summary Judgment and dismiss the case without prejudice.[2]

A separate Order will be entered herewith.

DATED:  July 13, 2017

/s/  James P. Jones
United States District Judge

---

[2] The defendants move in the alternative for judgment on the merits of Canada's constitutional challenges to the VDOC's ban on nude pictures. Any such ruling in this case would be improper, however. "No federal court has jurisdiction to pronounce any statute void, because irreconcilable with the Constitution, *except as it is called upon to adjudge the legal rights of litigants in actual controversies*." *Ross*, 719 F.2d at 694. Another judge of this court has rejected similar constitutional challenges to this same VDOC policy. *Fauconier v. Clarke*, No. 7:16CV301, 2017 WL 2799620 (W.D. Va. June 28, 2017).